## ASSIGNMENT OF CONTRACTS IN PART.

[Circuit Court of Hamilton County.]

THE NEW YORK & BERMUDEZ COMPANY v. AUGUST HERRMANN
ET AL.

Decided, June 24, 1905.

*Contract—Divisibility of—Assignment of Part of—Rights Under Can
Not be Enforced Independent of the Principal Contract, Unless—In-
junction—Remedy for Breach.*

1. The assignee of one item of a contract acquires no contract rights,
   specific performance of which could be enforced independent of the
   principal contract, unless the item with whatever of interest or
   profit may inhere thereto can be discharged from all liability for
   the performance of the principal contract.
2. Were it possible to acquire such rights by assignment, injunction
   would not lie to enforce them, but the assignee would be relegated
   to an action at law where a full and adequate remedy could be
   had for the breach.

JELKE, P. J.; GIFFEN, J., and SWING, J., concur.

We are of opinion that item 13 of the Henkel contract of
May 16, 1899, is not so divisible from the main contract as to be
susceptible, by assignment, of establishing independent con-
tractual relations with the assignee of such item.

This could only be done by discharging this item, and what-
ever interest or profit might be in the same, from all liability for
the complete performance of the principal contract. This could
not be done:

First. Because the board of water works commissioners has no
power to surrender or give away any of the city's rights secured
to it by a contract legally entered into; and

Second. Because the board of water works commissioners
can establish independent contractual relations only in the man-
ner particularly prescribed in the act of April 24, 1896 (92 O.
L., 606).

Again, there is nothing ambiguous or equivocal about the
action of the board of October 10, 1902:

"Resolved, that consent is hereby granted said United States
Construction Company *to sublet* to said New York & Bermudez

Company all the work to be done and materials to be furnished, embraced in said item 13, and to assign to said New York & Bermudez Company all moneys which may become due and payable for the work. and material furnished under said Item 13; and be it further

"Resolved, that this consent is granted by the board without in any way releasing or affecting the liability of said United States Construction Company, Aug. J. Henkel and the United States Fidelity & Guaranty Company, all or either of them, for the faithful and *complete performance of said contract, including the part thereof herein permitted to be sublet to the New York & Bermudez Company.*"

The board plainly set out its intention only to consent to a sub-letting.

We are of opinion that the New York & Bermudez Company acquired no contract rights, specific performance of which could be enforced independent of the principal contract.

We are further of opinion that even if the rights of the New York & Bermudez Company were as here contended for, injunction would not lie to enforce them, but said company would be relegated to an action at law where full and adequate remedy in damages could be had for any breach of contract. *Steinau* v. *Gas Company,* 48 O. S., 324.

An injunction will be denied, and petition dismissed.

*Miller Outcalt* and *D. V. Sutphin,* for appellant.

*Frank F. Dinsmore,* contra.